Earl C. McCarthy, Plaintiff-Appellant and Cross-Appellee, v. Edna B. McCarthy, Defendant-Appellee and Cross-Appellant, and La Salle National Bank, Trustee, La Salle National Bank, Administrator with Will Annexed of Estate of Agnes Schmerker, Deceased, and Evelyn Freeman, et al., Defendants-Appellees and Cross-Appellees.

Gen. No. 46,726.

First District, First Division.

April 2, 1956.

Rehearing denied April 16, 1956.

Released for publication April 30, 1956.

Loesch, Scofield & Burke, of Chicago, for plaintiff-appellant and cross-appellee.

Luther M. Lewis, of Chicago, for defendant-appellee and cross-appellant.

Curtis, Friedman & Marks, of Chicago, for defendants-appellees and cross-appellees; Louis David Friedman, of Chicago, of counsel.

JUDGE BURKE delivered the opinion of the court.

Agnes Schmerker, an elderly widow, died at Chicago on December 2, 1952. Her nearest kin were brothers, sisters, nephews and nieces, none of whom are residents of Illinois. She resided in improved real estate owned by her in fee simple at the northeast corner of Wellington Street and Broadway in Chicago. On September 1, 1949, she and a straw party executed deeds which vested title to the real estate in her and Earl C. McCarthy in joint tenancy with the right of survivorship. On May 4, 1950, she executed a last will, making a few bequests including the sum of $1,500 to Shirley Mae Kastman, the stepdaughter of Earl C. McCarthy. The residue of the estate was devised to Earl C. McCarthy, who is referred to in the will as "my good friend and counsellor." He is a practicing lawyer. The will also states that the testatrix made this devise because she deemed that McCarthy had not

464

■■■■■■■■■■

been adequately compensated for his professional services. She also named him as executor.

On May 2, 1951, a petition was filed in the Probate Court alleging that Agnes Schmerker was wholly incapable of managing her estate and was incompetent because of old age and imperfection or deterioration of mentality, and praying that a conservator of her estate be appointed. On May 31, 1951, the court adjudged her to be incompetent and issued letters of conservatorship to the La Salle National Bank. On June 22, 1951, pursuant to a petition, an order was entered in the Probate Court directing the conservator to file a complaint to set aside the deeds vesting title to the real estate in the incompetent and McCarthy as joint tenants and for other relief. Pursuant to that authority the conservator filed a complaint in the Circuit Court seeking to have the deeds canceled and declared void, to restrain the defendants therein from interfering with the possession of the real estate, directing them to reconvey the real estate to the incompetent and for an accounting.

On August 3, 1951, Earl C. McCarthy was examined under oath on a deposition taken on oral interrogatories in the complaint pending in the Circuit Court. Subsequent to the deposition hearings, the attorneys for the conservator and the next of kin of the incompetent engaged in conferences and negotiations with McCarthy with a view to settling all controversies between the estate of the incompetent and McCarthy. In the negotiations McCarthy stated there was due him the sum of $6,944.75 for monies advanced, legal and personal services rendered and for food and other items of a personal nature furnished by him on behalf of the incompetent during the period of approximately three years. The negotiations resulted in an agreement between McCarthy, the conservator and the family of the incompetent, acting through their attorneys. An order entered by the Probate Court on November 21,

1951, provided, among other things, that the conservator obtain from McCarthy a quit claim deed to the real estate, a renunciation of his interest in the estate of Agnes Schmerker, his resignation as executor and the execution and delivery of various documents. The order then provided that upon acceptance of the documents the conservator be authorized and directed to pay McCarthy the sum of $7,500.00. The final provision of the order was that the quit claim deed be recorded, a report of title obtained, and when title be found good in Agnes Schmerker, the conservator issue to McCarthy a stipulation to dismiss the cause pending in the Circuit Court and a stipulation to dismiss a citation proceeding against him pending in the Probate Court. McCarthy and his wife executed their quit claim deed dated November 20, 1951, to Agnes Schmerker and delivered it on November 21, 1951. McCarthy executed and delivered his renunciation on November 21, 1951, in which he renounced all interest which he may have in and to the estate of Agnes Schmerker upon her decease by reason of the provisions of her will dated May 4, 1950; declined to accept anything under the will; discharged the estate of any claim which might at any time afterwards accrue to him by reason of the will; and agreed to leave the residuary estate to descend pursuant to law to the parties entitled thereto free from any claim of his under any provision of the will for his benefit. McCarthy received a check from the conservator for $7,500.00 in consideration for the delivery of the deed, the renunciation and other documents. Agnes Schmerker died on December 2, 1952.

On November 18, 1953, almost a year after the death of Agnes Schmerker, McCarthy and his wife conveyed their interest in the real estate to a nominee, who in turn conveyed an undivided one-half interest to McCarthy and an undivided one-half interest to Mrs. McCarthy. On November 23, 1953, McCarthy filed a complaint in the Superior Court alleging that he and

his wife were the owners as equal tenants in common of the real estate and prayed the entry of a decree for partition thereof. The complaint alleged that he acquired title thereto as residuary devisee under the will of Agnes Schmerker and conveyed a one-half interest therein to his wife; that in the lifetime of Agnes Schmerker and at a time when a conservator had been appointed for her, plaintiff, after a certain order had been entered in the Probate Court in the estate of the incompetent, at the request of the attorney for the conservator and unknown to the testatrix, executed and delivered to the attorney for the conservator a written document in the nature of a renunciation of his expectancy in the estate of Agnes Schmerker, claiming "at said time" that said renunciation was void and of no valid force or effect, for a consideration of $555.25 and that the value of the real estate was $45,000; that the renunciation was void, or in the alternative voidable; that he thereby renounced same, or in the alternative, that under a proper construction of the renunciation he did not thereby renounce the right to take the real estate under the will.

Edna B. McCarthy filed an answer admitting the allegations of fact in the complaint and filed a counterclaim in which she adopted the allegations of the complaint. She also alleged that she owned a one-half interest in the real estate and that on the date of the death of the testatrix Earl C. McCarthy was the owner of a legal, or in the alternative an equitable, estate in the real estate, and hence title to the real estate vested in him and under the law she has an inchoate right of dower in the real estate, and that even if the renunciation by her husband be effective as to him, he had no power to renounce her inchoate right of dower. The bank, as administrator with the will annexed of the estate of Agnes Schmerker, deceased, and as trustee, filed its seven point motion to dismiss the complaint. Points one to six of the motion were presented under

467

Section 45 of the Civil Practice Act [Ill. Rev. Stats. 1953, ch. 110, § 169]. The seventh point is in the nature of a plea of res adjudicata, in support of which the bank attached an affidavit, which in turn had attached to it a copy of an order entered in the Probate Court on March 9, 1953. The affidavit states that the complaint for relief had been previously adjudicated by an order of the Probate Court entered on March 9, 1953, following a motion by plaintiff herein that he be notified of all activities in that estate; that the Probate Court considered the claim of plaintiff and denied him leave to participate as a person in interest in the estate and also found that the plaintiff did not have any interest in the estate of Agnes Schmerker. The order which was attached to the affidavit decreed that plaintiff herein be denied leave to file his appearance in the Probate Court proceedings and be denied his request to receive notice of any proceedings in the cause. In response to defendant's affidavit the plaintiff filed a counteraffidavit. Certain other defendants also moved to dismiss the complaint, their motion being substantially similar to the motion filed by the bank. The motions to dismiss the complaint were allowed to stand as motions to dismiss the counterclaim. The court entered a decree that the motions to strike and dismiss the complaint and counterclaim be sustained. Plaintiff, appealing to the Supreme Court, asked that the decree be reversed and that he be granted "whatever relief is equitable on the record." Mrs. McCarthy, in a cross-appeal, asks similar relief. The Supreme Court held that a freehold is not involved in the questions presented and transferred the cause. (6 Ill.2d 52.)

█ Plaintiff maintains that the Probate Court in the administration of the estate of the incompetent had no jurisdiction to enter the order of November 21, 1951, authorizing the conservator to expend or invest the assets of the estate of the incompetent in the pur-

468

chase from the devisee under the will of the incompe-
tent of his renunciation of his expectancy under the
will and particularly in so far as the order pertained
to real estate. The Probate Court acted on a petition
which recited the conveyance of the real estate, the suit
then pending by the conservator to cancel the deeds of
conveyance, the citation proceedings to recover the
personal assets of the ward, the examination under
oath of plaintiff, the negotiations and conferences and
the proposal to settle all controversies between the
parties by the delivery of a quit claim deed for the real
estate from plaintiff and his wife and the renunciation
and release of plaintiff's rights under the will. The
order directing the conservator to accept and conclude
the compromise contained a finding that it is to the best
interest of the estate that the conservator obtain from
the plaintiff the various documents listed, including
the quit claim deed to the real estate and the renuncia-
tion of all his rights under the will. We have read the
cases cited by the parties in support of their positions
and are satisfied that the Probate Court had juris-
diction to enter the order of November 21, 1951, au-
thorizing the conservator to pay plaintiff $7,500 for the
deed from plaintiff and his wife conveying their inter-
est in the real estate to the incompetent, the renuncia-
tion of all plaintiff's rights under the will and for other
considerations including the agreement to execute a
stipulation to dismiss the Circuit Court complaint and
the citation proceedings pending against plaintiff. See
Davis v. Mather, 309 Ill. 284; In re Estate of Reighard,
402 Ill. 364.

Plaintiff asserts that the purchase of his re-
nunciation in the form and substance in which it was
purchased by the conservator was not authorized or
approved by the Probate Court and hence the renuncia-
tion is not valid or effective. We are of the opinion that
the renunciation was in the form contemplated by the
order. It is not necessary to obtain an order confirming

469

the action after it has been taken. Even if the Probate Court had been without jurisdiction to enter the order of November 21, 1951, the renunciation by plaintiff of his rights under the will would be valid and binding upon him. The renunciation was executed and delivered pursuant to negotiations and conferences between the parties. The consideration which plaintiff bargained for was paid to him. It was fully executed and binding upon him regardless of any action of the Probate Court.

██ Plaintiff insists that the written renunciation of an expectancy under a will is void at law because there is no property or subject matter on which it may operate; that under some circumstances equity will, after the death of the testatrix, enforce it, but not where the testatrix had been adjudicated an incompetent after making the will, and the renunciation was made for an inadequate consideration while the testatrix was incompetent and the testatrix remained incompetent until her death; and that the testator did not know the renunciation was made and did not assent thereto or acquiesce therein because under such facts the renunciation is in contravention of the statute on wills, is a fraud on the testatrix, is contrary to public policy and inequitable. We cannot say that the consideration was inadequate. At the time he executed the documents he was a defendant in a suit in the Circuit Court to compel him to make a reconveyance of the real estate. He had been subpoenaed to appear on oral interrogatories in that case and was facing the need for defending himself against the demand for an accounting in connection with his management and control of the real estate. He was also facing proceedings in the Probate Court on a citation issued against him to discover assets belonging to the estate of Agnes Schmerker. In addition to the agreement to dismiss the Circuit Court complaint and the citation proceeding, plaintiff received $7,500. He states that most of it

470

was paid to him for his claim against Agnes Schmerker for $6,944.75. The record does not support plaintiff's statement that all he received for the renunciation was $555.25. He was fully acquainted with all the circumstances. It is not contended that there was any misrepresentation. Agnes Schmerker was mentally incompetent, had no knowledge of the renunciation and could not accede to it. We think that the conservator stood in the place of Agnes Schmerker in the transaction wherein the renunciation was executed and delivered. The Probate Court authorized the conservator to negotiate for and receive the renunciation. In Donough v. Garland, 269 Ill. 565, the court said (page 572) that a release by an heir presumptive of his expectancy operates as an extinguishment of the right of inheritance, cutting it off at its source. We are of the opinion that under the law of Illinois and the factual situation that the release by plaintiff of his expectancy under the will is valid. See Mires v. Laubenheimer, 271 Ill. 296; Alward v. Woodard, 315 Ill. 150; Williams v. Swango, 365 Ill. 549; Brown v. Cunningham, 303 Ill. App. 307. Plaintiff asserts further that defendants must resort to a court of equity to enforce the renunciation. In the cases cited partition was sought by the plaintiffs. Nevertheless, the courts recognized the right of defendants to rely upon the release without requiring the defendants to file a cross bill or to ask for affirmative relief. We find that the court has the power and duty to pass on the validity of the renunciation whether the action is commenced by the grantor or grantee of the document.

█ Plaintiff argues that his renunciation under the will does not include or cover the real estate. The agreement between the parties was that plaintiff would reconvey the real estate and renounce and release all interest in the estate. In our opinion he did this. In addition to the renunciation he delivered many other documents, papers and affidavits as to the title to the

471

real estate and assigned his future claim to any tax refund. Our examination of the record convinces us that plaintiff intended to release all his interest in the property of Agnes Schmerker, including the real estate.

■ Plaintiff urges that the renunciation is void for the reason that at the time the renunciation was executed in his opinion it was invalid and that there was accordingly no meeting of the minds as to the transfer of the renunciation. We do not think there was a mistake. Plaintiff had a mistaken opinion of the legal effect of the document. In Holbrook v. Tomlinson, 304 Ill. 579, the court said that the erroneous advice of an attorney is not sufficient ground for relief in equity as to an alleged mistake in a written instrument. See also In re Estate of McIlrath, 276 Ill. App. 408.

■ Paragraph seven of the motion to dismiss the complaint on the ground that the cause had been previously adjudicated by the order entered in the Probate Court on March 9, 1953, whereby it was determined that the plaintiff was not a party in interest in the estate of Agnes Schmerker, deceased, was supported by an affidavit. The order of the Probate Court decided that plaintiff should not have notice of the proceedings. We are of the opinion that this order is not res judicata of the issues presented by plaintiff's complaint for partition in the instant case. The order was not based on the merits of the controversy involved herein. Furthermore, the statutes do not confer upon the Probate Court general equity jurisdiction and the power to determine titles to real estate.

For the reasons stated the decree of the Superior Court of Cook County is affirmed.

Decree affirmed.

FRIEND, P. J. and NIEMEYER, J., concur.