ELRENE E. OGREN, Plaintiff-Appellant, v. DANNY C. GRAVES, Defendant-Appellee.

Second District (2nd Division)    No. 75-437

Opinion filed June 24, 1976.

Yalden & Ridings, of Rockford, for appellant.

Edwin T. Powers, Jr., of Gilbert, Powers & Mateer, of Rockford, for appellee.

Mr. PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Plaintiff, Elrene Ogren, sued defendant for injuries she sustained in a collision between defendant's car and the car in which she was riding, driven by her husband. Defendant filed a motion to dismiss the complaint alleging that plaintiff had executed a general release before commencement of suit. Plaintiff asserted, as an affirmative matter, that the release was invalid. After a bench hearing on the issue of the validity of the release, the trial court granted defendant's motion to dismiss.

Plaintiff appeals contending that the trial court erred in granting defendant's motion because the release was invalid, she received no consideration for signing it, and the question of the release's validity should have been submitted to a jury for determination.

Allstate Insurance Company was plaintiff's husband's liability insurer, and State Farm Insurance Company was defendant's. The evidence at the hearing on defendant's motion to dismiss showed that John Lucas, a representative of State Farm, contacted plaintiff and her husband shortly after the collision. After several conversations, plaintiff told him that Allstate had paid all their bills and that they were going to let that company "handle the whole thing." Allstate paid plaintiff her medical expenses incurred due to her injuries in the collision, and paid Mr. Ogren's collision claim, less salvage and $100, the amount deductible from his

collision coverage. Thereafter, Lucas directed a general release form to Allstate requesting that the forms be executed by the Ogrens. Allstate forwarded the release to Mr. Ogren with a cover letter stating:

> "We have now made a settlement of the claim for the collision damage to your car. In order to complete the handling of this claim, we need your signature on the enclosed release forms.
>
> Please sign the releases in ink where indicated and return them in the enclosed envelope as soon as possible. You will hear from us as soon as we receive payment from the other party."

The release absolving the defendant from any and all claims of plaintiff was executed by the Ogrens and returned through Allstate to State Farm. Lucas issued a check for $2837.30 (the amount expended by Allstate plus $100 deductible) payable to the Ogrens and Allstate, and the latter then issued its check in the amount of $100 to repay Mr. Ogren the amount deducted under his Allstate policy. The check was endorsed with the Ogrens' name but the proof showed that they did not endorse it. No evidence was offered as to the nature or extent of plaintiff's claimed personal injuries.

■■ A release, in essence, is the abandoning of a claim to the person against whom the claim exists and where the release is executed with knowledge of its meaning, causes of action covered by the release are barred. (*Shaw v. Close*, 92 Ill. App. 2d 1, 3 (1968).) Because the law favors compromise, the party contending that a release was secured as a result of fraud, misrepresentation, or mistake, must prove such by clear and convincing evidence. (*Child v. Lincoln Enterprises, Inc.*, 51 Ill. App. 2d 76, 82 (1964).) A person claiming that a release is invalid because of a mistake must show that the mistake is mutual. A unilateral or self induced mistake will be insufficient to void a release. (*Welsh v. Centa*, 75 Ill. App. 2d 305, 311-12 (1966); see *Hudson v. Thies*, 35 Ill. App. 2d 189, 201-02 (1962), *aff'd*, 27 Ill. 2d 548 (1963).) On review the trial court's finding will not be set aside unless it is against the manifest weight of the evidence. *Child v. Lincoln Enterprises, Inc.*, at 82.

On appeal, plaintiff contends that the release was invalid because she was deceived by fraudulent representations to sign the release and received no consideration for its execution. In support of the asserted fraudulent inducement to sign, plaintiff claims that Allstate, by negotiating with State Farm and forwarding the release to plaintiff, became the agent of State Farm. From this premise, plaintiff then argues that Allstate, as agent of State Farm, induced her to execute the release for the purpose of recovering her husband's $100 deductible and its own expenses when, in fact, the release was a device used by State Farm to avoid any payment to her for personal injuries.

Plaintiff's argument fails because of its faulty premise. The bare

conclusionary statement that Allstate, by negotiating with State Farm and forwarding the release to plaintiff, without further proof, is insufficient evidence to establish such agency under the circumstances here present. The facts in the record before us dictate an opposite conclusion. After Lucas had talked with plaintiff on several occasions, she admits informing him that Allstate would "handle the whole thing." This, in our view, foreclosed Lucas from further direct negotiations with plaintiff and established Allstate as her agent, not State Farm's agent.

Plaintiff's basic argument is that the release was a device of State Farm to avoid any payment to her for personal injuries. The release on its face certainly has this effect. To invalidate the release, however, it was incumbent upon plaintiff to establish by clear and convincing evidence that State Farm obtained the release as a result of fraud, misrepresentation or mutual mistake. The record reveals no evidence of an attempt by State Farm to perpetrate a fraud or to misrepresent its status in the settlement. Plaintiff assumes that because Allstate and State Farm negotiated the settlement, their action was tantamount to fraud in the inducement to execute the release. Plaintiff, however, who had the burden of proof on the affirmative defense to the motion, did not introduce any evidence to establish fraud, collusion, mistake or misrepresentation between Allstate and State Farm.

■■ The release plaintiff signed was direct, forthright and clear in stating that for the sole consideration of $2837.30 she was precluded from suing on any additional claims arising out of the collision. Plaintiff does not suggest and the record does not show that the release was executed as the result of a mutual mistake. Plaintiff has not, therefore, sustained the burden of proving by clear and convincing evidence that execution of the release was the result of fraud, misrepresentation, or a mutual mistake which would render the release invalid.

■■ Plaintiff claims that the release was invalid because she received no consideration for its execution. Her position is allegedly buttressed by the facts that neither plaintiff's nor her husband's signature appeared on the settlement check and the amount of the check included exactly the amount of expenses previously paid by Allstate. This argument is not supported by the record. The plaintiff and her husband were obligated to reimburse Allstate from any recovery they obtained from the alleged tortfeasor up to the amount that Allstate had paid them for their expenses. State Farm reimbursed Allstate for plaintiff's medical expenses, rather than plaintiff herself having to reimburse Allstate should she recover. In addition, plaintiff signed the release so that her husband would be reimbursed the amount deducted from his collision coverage. The $100 was paid to plaintiff's husband, a third-party beneficiary of the release, and was sufficient consideration for plaintiff's execution of the release.

*Affiliated Realty & Mortgage Co. v. Jursich,* 17 Ill. App. 3d 146, 150 (1974); 12 Ill. L. & Pr. Contracts §92 (1955).

We find the order of the trial court holding the release valid was not against the manifest weight of the evidence. *Child v. Lincoln Enterprises, Inc.,* at 82-83.

■■■ Plaintiff contends that the trial court erred in failing to have the question of the release's validity submitted to the jury. Although she requested a jury trial at the time she filed her complaint, that request was never raised before, during or after the collateral hearing conducted by the trial court. Plaintiff waived her right to a jury trial by virtue of submitting the question of the release's validity to the court without requesting a jury to pass on the issue raised by the affirmative defense. (*Loughran v. A. & M. Moving & Storage Co.,* 17 Ill. App. 3d 119, 126 (1974).) Furthermore her failure to raise the issue at the trial level waives our consideration of it. The law is clear that a point not presented to or considered by the trial court cannot be raised for the first time on review. *McEwen v. Walsh,* 96 Ill. App. 2d 326, 330 (1968).

For the reasons stated, the judgment appealed is affirmed.

Judgment affirmed.

RECHENMACHER and DIXON, JJ., concur.