ERNEST B. JOHNSON, d/b/a Emil Johnson & Son, Plaintiff-Appellee, *v.* RUDY FLUECKIGER *et al.*, Defendants-Appellants.

Second District   No. 79-343

Opinion filed March 11, 1980.

John C. Tower, of Paddock, McGreevy and Johnson, of Rockford, for appellants.

Thomas D. Luchetti, of Rockford, for appellee.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

This is an action to recover damages for an alleged breach of a building contract. The court, after trial, entered judgment for the plaintiff in the sum of $8,665.37, and this appeal is taken therefrom.

In September of 1977, plaintiff, Ernest B. Johnson, d/b/a Emil Johnson & Son, was asked to make a bid on the construction of a house for the defendants, Rudy Flueckiger and Betty Flueckiger. Plaintiff submitted a written bid dated October 13, 1977, which quoted a cost for construction of defendants' house as $128,881. The bid also provided that "hood and appliances are included for the amount of $5,002. A Carr kitchen and vanity allowance with tops have been included for a total cost of $6,800 installed."

On January 11, 1978, a "Building Contract Agreement" was signed by plaintiff and defendants. It stated that the owner would pay to the contractor the sum of $137,730, "subject to additions and deductions provided therein." It also provided that the contract consisted of the building contract agreement, prepared drawings and specifications (Home Plan Service No. 77-9604), and all modifications issued subsequent thereto.

The defendants thereafter went to Citation Distributors and selected cabinets for the kitchen of their new house; plaintiff installed the cabinets when they were delivered to the job site. At trial, plaintiff proved that the cabinets required approximately 80 hours of work for their installation, at $20 per hour, and the cost of the cabinets selected totalled over $11,000. Plaintiff claims that the defendants have refused to pay him the amount due for the cabinets and the labor required for their installation over and above an allowance for cabinets as stated in the written bid submitted by it under date of October 13, 1977—in other words, the cost of the cabinets and their installation less the $6,800 allowance.

Defendants contend on appeal that the trial court erred in admitting Plaintiff's Exhibit #4, the October 13, 1977, bid, asserting that the November 11, 1978, contract was a complete contract and that the introduction of the bid was prohibited by the parol evidence rule. Plaintiff contends that admission of the bid did not violate the parol evidence rule as it was not admitted to contradict or vary the terms of the contract, but rather to supply a missing term and to clarify an ambiguity. The trial court found that the October 13, 1977, bid was part of the specifications and was therefore part of the contract documents provided for in clause 1 of the building contract agreement.

■■■ In Illinois, as between parties to an instrument, extrinsic evidence is "inadmissible to vary, alter, or contradict a written instrument which is complete, unambiguous, valid and unaffected by fraud, duress, mistake or illegality." (*World Insurance Co. v. Smith* (1975), 28 Ill. App. 3d 1022, 1025, 329 N.E.2d 518.) All prior negotiations are merged into the written contract, and that instrument is conclusively presumed to include all material terms. (*World Insurance Co. v. Smith.*) Parol or extrinsic evidence may be introduced to show additional consistent terms of a contract where the writing is found to be incomplete or to explain ambiguities. (*Reimer Brothers, Inc. v. Marlis Construction Co.* (1978), 64 Ill. App. 3d 80, 380 N.E.2d 1160.) Therefore, plaintiff's exhibit No. 4 was properly admitted only if the written agreement of January 11, 1978, is found to be ambiguous or incomplete.

Plaintiff's exhibit No. 4 was the original bid, dated October 13, 1977, which was submitted for construction of the defendants' house; the price quoted therein was $128,881. It was stated in the bid that the price quoted

included an allowance of $6,800 for a Carr kitchen and vanity. As noted above, the parties signed a written agreement approximately three months later on January 11, 1978, which provided that the price was $137,730. It was further provided in the specifications, which were considered to be part of the contract documents, that, except as otherwise provided, the contractor was to pay for all materials for completion of the building. The specifications also provided "the contractor has included in the contract price such allowances as are set forth herein for various labor and material on which a final selection has not been made by the owner." It was further stated in the specifications that cabinets were by the contractor and were to be installed by the contractor. The cabinet wood material was specified; however, the brand, style and special cabinet components were not specified, and it was indicated that the cabinets were to be by choice of the owner. No allowance was specified for the kitchen cabinets. We note that allowances were specified for some other items in the specifications, such as built-in appliances.

It does not appear from the contract documents that the written contract is incomplete or ambiguous as to who was to bear the cost of the cabinets. As noted, the specifications provide that the cabinets are by the contractor and installed by the contractor. Allowances "as are set forth herein" are alluded to in the specifications, and in certain areas, such as the appliances, allowances are specified. No allowances were set forth in those documents for the cabinets. If a cabinet allowance had been intended, it should have been in the contemplation of the parties at the time the appliance allowances were filled in as part of the specifications. However, while allowances were specified for the appliances, they were not specified for the cabinets.

We also note that the price as set forth in the October 13, 1977, bid was increased by about $9,000 by the time the written contract was signed three months later. Further, it appears from plaintiff's exhibit No. 5 (a list of estimated additional costs) that by December of 1977, a modified bid was submitted dealing with additional items which, if accepted by defendants, would have increased the price to $146,730. This indicates a course of negotiation between the parties prior to the final signed building contract which provided ample opportunity for defendants to have included the allowance for cabinets if this had been intended.

■■ The contract documents are not incomplete or ambiguous regarding who is to bear the cost of the cabinets. Plaintiff's exhibit No. 4 should, therefore, be regarded as part of the preliminary negotiations of the parties only. Therefore, plaintiff's exhibit No. 4 was improperly admitted into evidence in violation of the parol evidence rule, as its only function is to vary the terms of a complete and unambiguous agreement.

The judgment entered by the trial court in plaintiff's favor is

therefore reversed, and the cause is remanded for such further proceedings consistent with this opinion as may be necessary.

Reversed and remanded.

SEIDENFELD, P. J., and VAN DEUSEN, J., concur.