MILWAUKEE CHEESE COMPANY, Plaintiff-Appellee, v. CORNER-STONE INN, INC., *et al.,* Defendants-Appellants.

Second District   No. 2—85—0531

Opinion filed April 22, 1986.

Daniel A. Cwynar, of Rockton, for appellants.

David R. Babb, of Belvidere, for appellee.

JUSTICE UNVERZAGT delivered the opinion of the court:

The defendants, Cornerstone Inn, Inc., and Clarence R. Harper, appeal from the judgment of the circuit court of Winnebago County which granted summary judgment in favor of the plaintiff, Milwaukee Cheese Company, based on a sum of money owed on an open account. For the reasons set forth below, the judgment of the circuit court is affirmed.

The plaintiff, Milwaukee Cheese Company, brought an action against Cornerstone Inn, Inc., alleging that it owed plaintiff $2,728.29 for items ordered between April 13 and June 15, 1983. Plaintiff also sued Clarence R. Harper, the president of Cornerstone Inn, Inc., individually, based on a guarantee contained in a credit application he signed on August 10, 1981. The last paragraph of the application states: "I do hereby guarantee the full and prompt payment of all purchases furnished. This is a continuing guaranty until revoked in writing and acknowledged by the Milwaukee Cheese Company and/or S. J. Caspar Company." The plaintiff moved for summary judgment, and the trial court granted the motion against both defendants. Specifically, the trial court found Harper bound by the written guarantee in the absence of any evidence of written cancellation. The defendants filed the instant appeal.

On appeal, the defendants argue that summary judgment was improperly granted because the following triable issues remain: (1) that defendant, Clarence R. Harper, and his wife informed the salesman for Milwaukee Cheese Company that Franklin Fort was the new owner of the Cornerstone Inn as of March 1, 1983; (2) that the amount Milwaukee Cheese Company claimed due was incurred by Franklin Fort; (3) that Milwaukee Cheese Company continued to grant Franklin Fort credit even though he made no efforts to pay what he already owed; and (4) that Milwaukee Cheese never extended credit to defendants while they owned the Cornerstone Inn. Defendants contend that if proved true, these facts would overcome the written guarantee which Harper signed in 1981.

■ The standards governing the trial court's award of summary judgment to plaintiff are clear. Under section 2—1005(c) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1005(c)), summary judgment is proper only "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that

there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." If the documents that the trial court considers show that there is a genuine issue as to any material facts, summary judgment should not be granted. In ruling on a motion for summary judgment, the trial court must construe the pleadings, depositions and affidavits in the light most favorable to the nonmoving party. If fairminded persons could draw different conclusions from the evidence, the issues should be submitted to a jury to determine what conclusion seems most reasonable. Conversely, when the evidence shows no material issue of fact has been raised, the moving party is entitled to judgment as a matter of law. *Skarski v. Ace-Chicago Great Dane Corp.* (1985), 138 Ill. App. 3d 301, 304-05.

Furthermore, Supreme Court Rule 191(a) provides specific requirements for affidavits filed in such proceedings:

"Affidavits in support of and in opposition to a motion for summary judgment *** shall be made on the personal knowledge of the affiants; shall set forth with particularity the facts upon which the claim, counterclaim, or defense is based; shall have attached thereto sworn or certified copies of all papers upon which the affiant relies; shall not consist of conclusions but of facts admissible in evidence; and shall affirmatively show that the affiant, if sworn as a witness, can testify competently thereto. If all of the facts to be shown are not within the personal knowledge of one person, two or more affidavits shall be used." 87 Ill. 2d R. 191(a).

In the present case, it is undisputed that between April and June 1983 the Cornerstone Inn incurred a $2,728.29 debt. It is also undisputed that in 1981 Clarence R. Harper signed a credit application guaranteeing payment of Cornerstone Inn's debts until such time that the plaintiff received a written cancellation of that guarantee. Clarence R. Harper never revoked the guarantee by written cancellation. The dispute in this case relates to whether the information defendant offered in his affidavit in opposition makes out a genuine issue of material fact. In relevant part Harper states that: (1) at the end of March 1983, he verbally contracted with Franklin Fort to sell the Cornerstone Inn; (2) he and his wife informed the salesman from Milwaukee Cheese Company of this transfer of ownership; and (3) that the amount due was incurred by the new owner, Fort. He also states that Milwaukee Cheese continued to grant Fort credit even though he made no effort to pay what he already owed and that Milwaukee Cheese had never extended credit to Harper while

Harper owned the Cornerstone Inn.

■■ We note first that any conclusional matter is inadmissible and cannot be considered in opposition to motions for summary judgment. (*Young v. Pease* (1983), 114 Ill. App. 3d 120, 124.) In this regard the affidavit submitted by Clarence R. Harper is so indefinite as to be ineffective. Specifically, it never states whether this "salesman" was notified of the transfer of ownership before or after the purchase from Milwaukee Cheese took place, or even whether this person is an agent of the plaintiff. Furthermore, even if we presume that Milwaukee Cheese Company received actual notice that Clarence R. Harper no longer owned the Cornerstone Inn, nowhere in his affidavit does Harper claim that by this information he intended to cancel his personal guarantee.

■■ ■ The meaning of a guarantee is a matter of law, to be determined by the court. (*Dee v. Bank of Oakbrook Terrace* (1980), 84 Ill. App. 3d 1022, 1024.) The rules of construction applicable to contracts generally also apply to contracts of guarantee. (*State Bank v. Cirivello* (1978), 74 Ill. 2d 426.) If such a contract is unambiguous, it must be enforced as written. (*Barrett v. Shanks* (1943), 382 Ill. 434; *Bank of Naperville v. Holz* (1980), 86 Ill. App. 3d 533.) In this case, the defendants failed to present competent evidence with which to overcome the effect of the written guarantee. Since the pleadings, documents, and affidavits submitted by the plaintiff show there is no genuine issue of material fact, the trial court correctly found plaintiff entitled to judgment as a matter of law.

Accordingly, the judgment of the circuit court of Winnebago County is affirmed.

Judgment affirmed.

SCHNAKE and STROUSE, JJ., concur.