JOHN W. KOESTER, Plaintiff-Appellant, v. WEBER, COHN AND RILEY, INC., *et al.*, Defendants-Appellees.

First District (3rd Division)    No. 1—88—2024

Opinion filed November 15, 1989.—Rehearing denied February 15, 1990.

Mark H. Barinholtz, of Chicago, for appellant.

Norman B. Berger and Anne M. Beckert, both of Holleb & Coff, of Chicago, for appellees.

JUSTICE CERDA delivered the opinion of the court:

Plaintiff, John W. Koester, appeals from the dismissal of his action for breach of oral agreement, interference with prospective economic advantage, misappropriation of property, and fraud. Defendants Weber, Cohn & Riley, Inc., and Brown and Portillo, Inc., cross-appeal from the denial of their motion for sanctions against plaintiff for the filing of his second amended complaint. In dispute is the applicability of the parol evidence rule in the interpretation of a document entitled "Model Release."

Plaintiff's second amended complaint alleged that Weber, Brown's advertising agency, orally agreed with plaintiff that he would pose for photographs for use in advertising for Brown's Fried Chicken, which was a restaurant business owned by Brown, and that the photographs would be used exclusively in the newspaper media on a one-time basis and would not be used after a year. It was alleged that defendants breached their agreement by reproducing plaintiff's likeness in newspaper advertising for Brown's. Plaintiff also brought a count for interference with prospective economic advantage based on defendants' failure to consent to plaintiff working for competitors. A count for tortious misappropriation of property was based upon the reproduction of plaintiff's photograph in advertising. A count for common law fraud alleged that defendants represented that plaintiff's photographs would not be reproduced other than pursuant to their oral agreement and that plaintiff relied on this representation.

Defendants moved to dismiss the second amended complaint pursuant to section 2—619 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—619) on the basis that plaintiff had signed a model release that provided defendants with the right to reuse plaintiff's photograph for an unlimited period in any medium. The motion also requested sanctions because plaintiff had made the same allegations that had required dismissal of his first two complaints.

The affidavit of Virginia La Vone, an employee of Weber, which was filed in support of defendants' earlier motion to dismiss the first amended complaint, had averred that all the terms of the agreement between plaintiff and Weber were contained in the model release except for the specific compensation terms. The model release stated in part:

"For and in consideration of my engagement as a model by Don Levey Studio [name is handwritten in a blank], hereafter

referred to as the photographer, on terms or fee hereinafter stated, I hereby give the photographer, his legal representatives and assigns, those for whom the photographer is acting, *** *the right and permission to copyright and/or use, reuse and/or publish, and republish photographic pictures* or portraits of me, or in which I may be distorted in character, or form, in conjunction with my own or a fictitious name, on reproductions thereof in color, or black and white made *through any media* by the photographer at his studio or elsewhere, for any purpose whatsoever; including the use of any printed matter in conjunction therewith.

* * *

I am to be compensated as follows:

I have read the foregoing release, authorization and agreement before affixing my signature below, and warrant that I fully understand the contents thereof.

[plaintiff's signature and address.]

* * *

Photographer:  1—Fill in terms of employment.
                 2—Strike out words that do not apply."

(Emphasis added.)

Attached to plaintiff's response to the motion to dismiss the second amended complaint was the affidavit of Don Levey, the photographer who obtained plaintiff's signature on the model release. At the time he created the photographs, Levey understood that the media usage was to be limited to rotogravure and one-time insertion. It was not intended or understood by Levey that plaintiff would be barred from receiving additional compensation for any further use of the photographs.

On May 26, 1988, defendants' motion to dismiss with prejudice was granted and their request for sanctions was denied. The trial court found that the release was a clear and unambiguous document that barred the relief sought.

Plaintiff argues on appeal that the trial court misapplied the parol evidence rule and that the model release did not fully reduce to writing the parties' intentions. Plaintiff points to the lack of terms in the release concerning compensation, employment, revocation of consent to further use, the identity of the client, the job number, and the photographs to which the release applied. Plaintiff argues that the phrase "use, reuse and/or publish, and republish" did not define the number of publications contemplated and that the model release did not state

whether any further consideration would be made for further publications. Plaintiff argues that, therefore, his version that his photograph was to be used once is not inconsistent with the model release and that he does not seek to vary or contradict it. Plaintiff finally argues that his allegations of deliberate interference with plaintiff's opportunity for gainful employment, the wilful misappropriation of plaintiff's own likeness for defendants' commercial gain, all accomplished by means of defendants' fraudulent conduct, required that defendants be estopped from using the model release as a basis for dismissal.

■■ ■ It is clear beyond doubt that plaintiff signed a document which distinctly gave defendant an unlimited right to use, reuse and republish plaintiff's photograph in any media. Extrinsic evidence may not be considered to vary, alter or contradict a written instrument which is complete, unambiguous, valid, and unaffected by fraud, duress, mistake or illegality. (*Johnson v. Flueckiger* (1980), 81 Ill. App. 3d 623, 624, 401 N.E.2d 1317.) The threshold question for the applicability of the parol evidence rule is whether the writing was integrated, *i.e.*, whether it was intended by the parties to be a final and complete expression of the entire agreement. (*Pecora v. Szabo* (1981), 94 Ill. App. 3d 57, 63, 418 N.E.2d 431.) Parol evidence may be introduced to show additional consistent terms of a contract where the contract is incomplete or to explain ambiguities. (*Johnson*, 81 Ill. App. 3d at 624.) Where contract terms are clear and unambiguous, they must be given their ordinary and natural meaning and parol evidence cannot be considered to vary their meaning. *Lewis v. Loyola University* (1986), 149 Ill. App. 3d 88, 92, 500 N.E.2d 47.

■■ ■ The model release is not a complete contract within the meaning of the parol evidence rule because it omits the terms of plaintiff's compensation. Clearly the omission of these terms means that the parties could not have intended the contract as it stands to be the complete expression of their entire agreement. Plaintiff alleged that there was an oral agreement that the photographs would be used only once in newspapers and not after one year. These terms did not fill in omissions in the written contract but contradicted unambiguous terms of the written contract which permitted the use and reuse of plaintiff's photograph in any media. Plaintiff's allegations of an oral agreement for the use of his photograph for one time only could not be considered by the trial court because the model release explicitly barred any claims based on those allegations. Dismissal of plaintiff's complaint under section 2—619 (a)(9) of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—619(a)(9)) by defendant's written motion supported by an affidavit was correct because "affirm-

ative matter" includes defenses that defeat a cause of action completely. *Perkaus v. Chicago Catholic High School Athletic League* (1986), 140 Ill. App. 3d 127, 134-45, 488 N.E.2d 623.

█ Plaintiff also argues that defendants should be estopped from using the model release as a basis for dismissal because of their fraudulent conduct. Estoppel will arise to prevent injustice if a party's conduct has reasonably induced another to follow a cause of action that otherwise would not have been followed. (*Lincoln-Way Community High School District 210 v. Frankfort* (1977), 51 Ill. App. 3d 602, 609, 367 N.E.2d 318.) Even assuming that defendants made an oral agreement with plaintiff, such conduct could not reasonably have induced plaintiff to sign a written contract including terms to the contrary. A party cannot close his eyes to the contents of a document and claim fraudulent conduct on the part of another. See *Schmidt v. Landfield* (1960), 20 Ill. 2d 89, 92-94, 169 N.E.2d 229.

Defendants argue in their cross-appeal that the trial court erred in refusing to impose sanctions on plaintiff, who ignored the model release in his pleadings and argued the applicability of the parol evidence rule.

█ Section 2—611 of the Illinois Code of Civil Procedure provides that the signature of an attorney or party constitutes a certificate that to the best of his knowledge, information, and belief formed after reasonable inquiry the pleading is well grounded in fact and is warranted by existing law. (Ill. Rev. Stat. 1987, ch. 110, par. 2—611.) If a pleading is signed in violation of section 2—611, the court shall upon motion or upon its own initiative impose an appropriate sanction. Although plaintiff's allegation in his complaint that there was an oral agreement that the photograph would only be used once was contradicted by the model release, plaintiff attempted to argue that the parol evidence rule did not apply because the written contract was an incomplete document. Plaintiff's legal argument has been rejected by this court, but was not so unwarranted that sanctions should have been imposed.

The judgment of the circuit court is affirmed.

Affirmed.

FREEMAN, P.J., and RIZZI, J., concur.