GEORGE BRUNER, Plaintiff-Appellant, v. ILLINOIS CENTRAL RAIL-
ROAD COMPANY, Defendant-Appellee.

Fifth District  No. 5—90—0102

Opinion filed September 27, 1991.

GOLDENHERSH, J., dissenting.

Richard F. Sharrard, of Blunt & Schum, of Edwardsville, for appellant.

Thomas W. Alvey, Jr., Kurt E. Reitz, and Daryl G. Clarida, all of Thompson & Mitchell, of Belleville, for appellee.

JUSTICE CHAPMAN delivered the opinion of the court:

The trial court granted defendant's motion for summary judgment based upon a release. Plaintiff appeals. We affirm.

On January 5, 1988, the plaintiff was paid $32,000 in exchange for a release which provided:

"George E. Bruner does hereby release and forever discharge Illinois Central Gulf Railroad Company *** from any and all claims, demands, damages, actions, causes of action, or suits of any kind or nature whatsoever which the undersigned now has or seems to have or which may hereafter accrue against the parties herein released arising out of George E. Bruner's employment with Illinois Central Gulf Railroad Company *** including but not limited to, (1) the alleged exposure to diesel fumes described above, (2) any hearing loss or hearing disturbance, and (3) any disease or disorder resulting from exposure to dust, paint, vapors, gases, fumes, minerals or chemicals (including Dioxin).

The undersigned acknowledges that he has sought medical and legal advice and consultation with respect to his alleged injuries as described above; *** that the full extent of his injuries may not yet be known to him; that his condition may deteriorate or become aggravated in the future; and knowing the above, the undersigned accepts the sums and other considerations described above in full and final settlement of his claims *** ."

On October 13, 1988, plaintiff brought an action under the Federal Employers' Liability Act (45 U.S.C.A. §51 et seq. (West 1986)) which claimed in essence that he had been an engineer for the railroad for many years, and that as a result of the railroad's negligence, he suffered a permanent loss of hearing in both ears. The railroad filed a motion for summary judgment relying upon the quoted language in the release. The plaintiff responded by filing an affidavit which stated that he had developed a disabling lung condition as a result of his employment and that the lung condition was the subject of the suit for which he had signed the release. The affidavit also stated that he was represented by the firm of Pratt & Callis, P.C., on his lung disease claim, that he settled it for $32,000, and that at the time that he signed the release he did not know either that he had a

hearing loss or that exposure to noise from his work could cause a hearing loss. The affidavit stated that while he had observed employees of the railroad perform tests concerning noise levels, he was never informed as to whether there was any danger which might be posed by noise or whether there was any potential danger of hearing loss from the noise. The affidavit concluded by stating that the railroad had information concerning noise levels in his work environment which was not disclosed to him at the time that he signed the release and that the railroad had never provided him with an audiometric test to determine whether he had any hearing loss. Finally the affidavit stated:

> "That at the time that I entered into the release in question neither I or [sic] the Illinois Central knew I suffered from an occupational hearing loss."

On January 22, 1990, the trial court allowed the defendant's motion for summary judgment. This appeal followed.

Plaintiff claims that the release does not bar his hearing loss claim for two reasons: first, the release contains specific recitals pertaining to the settlement of the lung disease claim so that any words of general release cannot be construed for the hearing loss claim; second, defendant did not pay any consideration for the release of the hearing loss claim. Neither of these reasons is persuasive in view of the language of the release.

■ While defendants are not entitled to bar claims by using vaguely and broadly worded releases to include everything from the first day of the earth up to and including the end of the world, such a result is not necessarily achieved when a general release of all claims arising from one's employment is executed. (*Perschke v. Westinghouse Electric Corp.* (1969), 111 Ill. App. 2d 23, 249 N.E.2d 698.) In this case, while the introductory language might leave some question with regard to what exactly was being released, *i.e.*, "any and all claims, demands, damages, actions," the same is not true when the plaintiff specifically released "any hearing loss or hearing disturbance." Plaintiff, while represented by an attorney, executed a release including the language specifically referring to all hearing loss claims in exchange for $32,000. Obviously the $32,000 or some portion of it, perhaps even most of it, was in settlement of the lung disease claim and/or the potential claim for any disease or disorder resulting from exposure to dust, et cetera. This does not, however, negate the fact that some portion of the $32,000, according to the terms of the release, was paid for the hearing loss claim.

■ Because a release is a contract, its construction is governed by the rules of law that prevail in contract cases. In the construction of contracts where no ambiguity is presented, the meaning of the agreement and the intention of the parties must be ascertained from the words employed therein. (*Shultz v. Delta-Rail Corp.* (1987), 156 Ill. App. 3d 1, 10, 508 N.E.2d 1143, 1148.) Where contract terms are clear and unambiguous, they must be given their ordinary and natural meaning and parol evidence cannot be considered to vary their meaning, in the absence of fraud, duress, mistake, or illegality. (*Koester v. Weber, Cohn & Riley, Inc.* (1989), 193 Ill. App. 3d 1045, 1049, 550 N.E.2d 1004, 1006; *Frank Rosenberg, Inc. v. Carson Pirie Scott & Co.* (1963), 28 Ill. 2d 573, 579, 192 N.E.2d 823, 827.) Thus, parol evidence may be used to show the real agreement between the parties when a mistake has been made. *Beynon Building Corp. v. National Guardian Life Insurance Co.* (1983), 118 Ill. App. 3d 754, 760, 455 N.E.2d 246, 250.

■ The release Bruner signed was direct and unambiguous in stating that it was a release of any and all claims arising out of any hearing loss or hearing disturbance. Bruner alleges that he had a mistaken opinion as to his physical condition at the time he executed the release. In his affidavit he alleges that at the time he signed the release he was unaware that he suffered from an occupational hearing loss. The law in Illinois is clear that a person claiming that a release is invalid because of a mistake must show that a mistake is mutual. A unilateral or self-induced mistake will be insufficient to void a release. (*Kiest v. Schrawder* (1978), 56 Ill. App. 3d 732, 735, 372 N.E.2d 442, 443; *Ogren v. Graves* (1976), 39 Ill. App. 3d 620, 622, 350 N.E.2d 249, 251; *Martin v. Po-Jo, Inc.* (1969), 104 Ill. App. 2d 462, 467, 244 N.E.2d 851, 854.) On appeal the trial court's finding will not be set aside unless it is against the manifest weight of the evidence. *Child v. Lincoln Enterprises, Inc.* (1964), 51 Ill. App. 2d 76, 82, 200 N.E.2d 751, 754.

■ We believe that the allegations in plaintiff's affidavit are insufficient to establish a mistake sufficient to avoid the release. Bruner has not alleged that the release was executed as the result of a mutual mistake. He only alleges that he was mistaken as to his physical condition at the time he signed the document. At the most, the mistake here is one of law, and not one of fact. A party may not avoid a contract fairly entered into because of a mistaken opinion of its legal effect. *Joseph v. Lake Michigan Mortgage Co.* (1982), 106 Ill. App. 3d 988, 992, 436 N.E.2d 663, 666; *McCarthy v. McCarthy* (1956), 9 Ill. App. 2d 462, 472, 133 N.E.2d 763, 769.

■ Finally, in brief response to the position taken by the dissent, it is well settled that affidavits in support of and in opposition to a motion for summary judgment shall be made on the personal knowledge of the affiants; they shall not consist of conclusions but of facts admissible in evidence, and they shall affirmatively show that the affiant, if sworn as a witness, can testify competently thereto. (134 Ill. 2d R. 191(a).) Conclusional matter is inadmissible and cannot be considered in opposition to motions for summary judgment. (*Milwaukee Cheese Co. v. Cornerstone Inn, Inc.* (1986), 142 Ill. App. 3d 840, 843, 492 N.E.2d 231, 233.) Here, the affidavit submitted by Bruner, particularly paragraphs 7, 9, and 10, was conclusory and stated allegations that were not based on Bruner's personal knowledge.

For the reasons stated, we find that the trial court properly allowed the defendant's motion for summary judgment.

Affirmed.

LEWIS, J., concurs.

JUSTICE GOLDENHERSH, dissenting:

I respectfully dissent.

The majority, in its opinion, fails to consider factors leading to opposite conclusions on those issues that it has framed. The majority opinion also fails to consider the inadequacy of the trial court order as an appropriate summary judgment.

The majority accurately states that parol evidence should not be considered in the absence of fraud, duress, mistake, or illegality. Although the majority opinion summarizes the contents of plaintiff's affidavit filed in response to defendant's motion for summary judgment, the clear language shows that the majority is incorrect in concluding that the affidavit fails to raise a question of mutual mistake, was conclusory in nature, or stated allegations not based on personal knowledge of the affiant.

After reciting the identity of affiant and describing the filing of the prior lawsuit and its settlement, the affidavit states:

"5. That at the time I signed the release I did not know I had a hearing loss; I did not know that exposure to noise from my work could cause hearing loss; and I was never informed of the potential danger of hearing loss by any supervisor on the railroad.

6. That I have observed employees of the railroad perform tests concerning noise levels, but I was never informed as to whether there was any danger which might be posed by noise.

7. That the Illinois Central had knowledge of the noise test results at the time I signed the release in question.

8. That the Illinois Central Railroad never provided me with an audiometric test to determine whether I had any hearing loss.

9. That at the time I entered into the release in question neither I [n]or the Illinois Central knew I suffered from an occupational hearing loss.

10. That at the time I entered into the release in question the Illinois Central railroad did have information concerning the noise levels in my work environment which was not disclosed to me."

Reviewing the affidavit recited above, especially paragraph 9, but also paragraphs 7, 8, and 10, it is my conclusion that a sufficient issue of mutual mistake has been raised.

This analysis leads to the second infirmity of the majority opinion, that it does not consider the question, raised on appeal by appellant, whether summary judgment was properly granted. As stated in *Beals v. Huffman* (1986), 146 Ill. App. 3d 30, 36-37, 496 N.E.2d 281, 286:

"A motion for summary judgment should be granted only when the pleadings, depositions, and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. (*Purtill v. Hess* (1986), 111 Ill. 2d 229, 489 N.E.2d 867.) The court has a duty to construe the evidence strictly against the moving party and liberally in favor of the nonmoving party. (*Taylor v. City of Beardstown* (1986), 142 Ill. App. 3d 584, 491 N.E.2d 803.) While use of the summary-judgment procedure is to be encouraged as an aid in the expeditious disposition of a lawsuit, it is a drastic means of disposing of litigation and therefore should be allowed only when the right of the moving party is free from doubt. *Purtill v. Hess* (1986), 111 Ill. 2d 229, 489 N.E.2d 867; *Taylor v. City of Beardstown* (1986), 142 Ill. App. 3d 584, 491 N.E.2d 803."

Again referring to the affidavit, clearly a genuine issue of material fact has been raised concerning a mutual mistake. The record on appeal is devoid of any counteraffidavit or other evidentiary submission by defendant to controvert plaintiff's affidavit. Applying the standards as noted in *Beals,* there was a genuine issue of material

fact raised by the record before the trial court, and therefore, the trial court was in error in granting summary judgment.

For the foregoing reasons, I would reverse the judgment of the circuit court of Madison County and remand for further proceedings.