THIRD DIVISION
 May 14, 1997 
 

No. 1-96-1783

THE VILLAGE OF OAK PARK, 

 Plaintiff-Appellee,

 v.

FREDERICK H. SCHWERDTNER,

 Defendant-Appellant.)
)
)
)
)
)
)
)
)
Appeal from the
Circuit Court of
Cook County

No. 95 CH 10653

Honorable
Michael B. Getty,
Judge Presiding.


 JUSTICE CAHILL delivered the opinion of the court:
 The Village of Oak Park (the Village) sued Frederick
Schwerdtner, seeking a declaratory judgment and specific
performance of a contract between the parties. The trial court
granted the Village's motion for judgment on the pleadings. 
Defendant appeals. We affirm.
 Defendant is employed as a police officer for the Village. On
February 11, 1994, he entered into a contract with the Village to
terminate his employment. The Village agreed to credit defendant
with paid sick leave, to which he was not otherwise entitled, from
April 27, 1993, to May 14, 1994. In return, defendant agreed to
accept the paid sick leave as a settlement of a worker's
compensation claim, to withdraw his application for a disability
pension, and to resign effective June 19, 1994. The Village agreed
that the sick leave payment would be treated by it as a component
of service creditable toward his pension with the police
department. The Village further agreed to defend, indemnify and
hold harmless defendant in the event of a challenge to his right to
a pension based on 20 years of service. If anyone successfully
challenged his right to a pension based on 20 years of service, the
Village agreed to pay him the difference between the pension
awarded and a pension based on 20 years of service.
 After the contract was signed, the Village prepared a check
for defendant's paid sick leave, withholding federal income tax. 
The Village and defendant disagreed about whether or not the
Village should have withheld tax from that check. As a result, 
defendant refused to resign or otherwise perform his obligations
under the agreement. 
 The Village then brought this action for a declaratory
judgment that the contract was specifically enforceable. The
parties filed cross-motions for judgment on the pleadings under
section 2-615(e) of the Code of Civil Procedure (735 ILCS 5/2-
615(e) (West 1994)). 
 Defendant argued that the contract is based on a mutual
mistake and contrary to public policy. The trial court disagreed,
holding that the contract was valid and subject to specific
performance. 
 We first address defendant's argument that the contract was
based on a mutual mistake. To invalidate a contract because of
mutual mistake, a party must show by clear and convincing evidence
that a mistake has been made by both parties relating to a material
feature of the contract. Keller v. State Farm Insurance Co., 180
Ill. App. 3d 539, 548, 536 N.E.2d 194 (1989). A mutual mistake is
one where both parties understand that the real agreement is what
one party alleges it to be; then, unintentionally, a contract is
drafted and signed that does not express the true agreement. See
In re Marriage of Johnson, 237 Ill. App. 3d 381, 391, 640 N.E.2d
378 (1992); Black's Law Dictionary 1001 (6th ed. 1990) ("Mutual
mistake is where the parties have a common intention, but it is
induced by a common or mutual mistake"). 
 Defendant argues there were two mutual mistakes. First, he
claims that both parties were mistaken as to the tax consequences
of the contract. We disagree. There is no evidence in the record
or admission in the pleadings that the Village signed the contract
with the mistaken belief that the payments were nontaxable. The
contract is silent on tax consequences. At most, defendant has
shown that he harbored a mistaken belief about the tax consequences
of the contract before he signed it and that, after the contract
was signed, the parties disagreed about the tax consequences of the
agreement. The disagreement does not support a mutual mistake
theory: that both parties understood before the contract was
signed that the real agreement contemplated tax-free payments.
 It is settled law in Illinois that one party's mistaken
opinion about the legal effect of a contract is not sufficient to
void the contract. Holbrook v. Tomlinson, 304 Ill. 579, 585, 136
N.E.2d 745 (1922); Bruner v. Illinois Central R.R. Co., 219 Ill.
App. 3d 177, 180, 578 N.E.2d 1385 (1991); Joseph v. Lake Michigan
Mortgage Co., 106 Ill. App. 3d 988, 992, 436 N.E.2d 663 (1982). 
 Defendant also argues that the parties mutually and mistakenly
believed before the contract was signed that the sick leave payment
could be counted toward creditable service such that defendant
would be entitled to a 20-year service pension. Defendant contends
that under the Illinois Pension Code (40 ILCS 5/3-110 (West 1994))
and Illinois insurance regulations (50 Ill. Adm. Code 6302.40
(1996)), such payments are not considered creditable service. 
 Nothing in the record supports the theory that the Village,
before signing the contract, believed the payments could be counted
toward creditable service as a matter of law. The contract
suggests the opposite. The contract anticipates the possibility of
a future pension board ruling adverse to defendant with a provision
to make defendant whole if the pension board so ruled. The promise
of indemnification supports the argument of the Village that the
contract was not signed under a mutual misunderstanding about
Illinois pension law.
 Defendant next argues, even absent a mutual mistake, that "the
Worker's Compensation settlement agreement as part of the contract,
including lump sum payments of sick leave, is contrary to the
public policy of the United States Internal Revenue Code and the
public policy of the Department of Insurance of the State of
Illinois." 
 Courts will not enforce a contract that is contrary to public
policy as reflected in the constitution, statutes or judicial
decisions of the state. Holstein v. Grossman, 246 Ill. App. 3d
719, 725, 616 N.E.2d 1224 (1993); O'Hara v. Ahlgren, Blumenfeld,
Kempster, 127 Ill. 2d 333, 341, 537 N.E.2d 730 (1989). A court
will refuse to enforce a contract when the purpose of the contract
violates the law or an established public policy. Keating v.
Estate of Golding, 277 Ill. App. 3d 953, 957, 661 N.E.2d 541
(1996); Shanahan v. Schindler, 63 Ill. App. 3d 82, 379 N.E.2d 1307
(1978). 
 The purpose of this contract is to settle all of defendant's
claims for worker's compensation and disability pension benefits in
exchange for one year of sick pay creditable toward a pension based
on 20 years of service. Defendant does not argue that this purpose
violates a public policy. Rather, defendant alleges that taxing
the sick leave payment and counting the payment as creditable
service to achieve this result are contrary to public policy. 
 The first part of defendant's argument suggests that his
promise to cooperate with the Village in obtaining Industrial
Commission approval for the withdrawal of a worker's compensation
claim violates the Internal Revenue Service policy of not taxing
worker's compensation proceeds. Defendant overlooks the contract: 
the contract proceeds are in lieu of proceeds that might have been
awarded under the worker's compensation claim. Defendant has
contracted for an arguably taxable benefit in exchange for a
nontaxable benefit. The defendant cites to no case that holds such
an exchange to be against public policy.
 The second part of defendant's argument, that the public
policy of the Illinois insurance regulations in the Administrative
Code prohibits a contract that credits defendant with paid sick
leave to which he was not entitled, has been waived. The issue was
first raised at the close of oral argument in the trial court. It
was not included in the trial briefs. The trial court properly
rejected defendant's argument as untimely. An issue not timely
presented to and considered by the trial court is waived and cannot
be raised for the first time on appeal. Haudrich v. Howmedica,
Inc., 169 Ill. 2d 525, 536, 662 N.E.2d 1248 (1996).
 Even so, the argument is unpersuasive. The Department of
Insurance regulations cited by defendant prohibit compensation for
accumulated unused sick leave as a pension component. 50 Ill. Adm.
Code 6302.40 (1996). The contract makes clear that the sick leave
payment was not for accumulated unused sick leave, but for sick
leave to which defendant was not otherwise entitled. The payment
was classified as a sick leave payment in exchange for defendant
surrendering a worker's compensation claim, and further classified
as a payment that would meet the test for creditable service toward
defendant's pension. Whether the payment would be honored as
creditable service toward his pension by the pension board is a
question that cannot be answered until the pension board acts, but
it does not run afoul of the prohibition applicable to accumulated
unused sick leave.
 Affirmed.
 COUSINS, P.J., and GORDON, J., concur.