PATRICIA KLESSEN et al., Plaintiffs-Appellants, v. COMET INSURANCE COMPANY et al., Defendants-Appellees.

First District (3rd Division)   No. 80-2030

Opinion filed January 27, 1982.

Jacobs, Williams and Montgomery, Ltd., of Chicago (Barry L. Kroll and Thomas H. Neuckranz, of counsel), for appellants.

Orner, Wasserman and Moore, Ltd., of Chicago (Norton Wasserman and H. Elisabeth Huber, of counsel), for appellees.

PRESIDING JUSTICE WHITE delivered the opinion of the court:

Northern Illinois Farmers Mutual Insurance Company (Northern) and its insured, Patricia Klessen (Klessen), brought this declaratory judgment action seeking a declaration that under its policy issued to Klessen it did not provide coverage to James C. Davis (Davis), driver of Klessen's automobile at the time of an accident on July 8, 1978, because he was then and there not driving the automobile with her permission. Named as defendants are Davis, his own automobile insurance carrier, Comet Casualty Company (Comet), and the plaintiffs in an automobile negligence action against Davis.

Both plaintiffs and defendants moved for summary judgment. The affidavit of Klessen, wherein she stated that she had refused Davis

permission, and excerpts from Davis' deposition testimony in which he acknowledged that permission had been refused, were submitted in support of plaintiffs' motion. Defendants submitted in opposition to plaintiff's motion and in support of their countermotion for summary judgment, excerpts from Klessen's deposition. The trial court denied plaintiffs' motion and granted defendants' motion for summary judgment finding that Davis was operating the Klessen automobile with the permission of Klessen. From the judgment for defendants, plaintiff appeals.

It is contended that it was error for the trial court to hold as a matter of law that a driver's use of an automobile was with permission, where both the owner and the driver state under oath that the owner had refused permission on the occasion in question.

These are the undisputed facts: on July 8, 1978, Davis had an accident while driving Klessen's car. He collided with a vehicle owned and driven by defendants Patrick D. Persaud; Alice Persaud and Harriet Campbell were his passengers. The latter two allegedly sustained injuries. They thereafter filed a negligence action against Davis. At the time of the accident, Davis was insured under an automobile liability insurance policy issued by Comet. Klessen's insurance policy issued by Northern in addition to affording coverage to Klessen also provided coverage to "any other person [such as Davis] using such [her] automobile with the permission of the named insured [Klessen], provided his actual operation * * * thereof is within the scope of such permission." On the other hand the Comet insurance policy issued to Davis provides coverage to him while driving a nonowned automobile (such as Klessen's) in the event Davis is not entitled to coverage under the provisions of the policy of insurance applicable to the nonowned vehicle. If at the time of his accident Davis was driving Klessen's automobile with her permission, then he would be covered as an additional insured under Klessen's policy with Northern, and his policy with Comet would apply as to excess insurance. If, however, at the time of the accident he was driving Klessen's automobile without her permission, Davis would not be insured under Klessen's policy with Northern, but insured solely under his own policy from Comet. This, then, is essentially a dispute between two insurance companies.

The affidavit and depositions submitted in support of the motions for summary judgment establish that Davis did painting and general maintenance work for Klessen, his friend of 2 or 3 years. When he began working for her she provided him with a set of keys to her automobile which he kept with her permission. He was allowed to use the car when he was doing something for Klessen. Klessen testified that he was permitted to keep the keys so that he would not have to come to her place

of employment and get them every time. Before using the car he would call Klessen for permission which she would either grant or refuse. Davis testified that there were times when he would use the automobile without specifically asking Klessen's permission, but there is nothing in the record to indicate she was aware of such use.

On the day of the accident, Davis drove his own car to Klessen's house where he was to paint that day. He picked her up and in her car drove her to the beauty shop. From there he went to the home of a friend where he drank three cans of beer. About 11 o'clock he returned to the beauty shop to get Klessen and took her home. Previously, Klessen had warned Davis about driving when he had been drinking. On the way home she did not mention this, although he had beer on his breath. That afternoon Klessen told Davis she did not want him to use her car because he was drinking beer. Nevertheless, according to Davis' testimony, about 2 o'clock he put four cans of beer in Klessen's car and drove it to find Klessen to get some money to buy paint to complete his painting of Klessen's house. She did not tell him to get the paint. Ordinarily he would buy paint or supplies as needed and she would pay him back. This time, the reason Davis did not get the paint first was that he did not have enough money.

Clearly Davis' driving in the morning on the date of the accident was with Klessen's permission. Appellees contend, and the trial court held, that this permission was not effectively terminated as a matter of law, and that at the time of the accident Davis was driving Klessen's automobile with her permission. Appellants contend that the trial court erred in not making a finding as a matter of law that Davis was driving without permission based on the unrefuted testimony of both Davis and Klessen that Klessen had forbidden his use that afternoon. We disagree with both contentions.

The sworn testimony of Davis and Klessen cannot be rejected out of hand. The initial permission rule advanced in *Maryland Casualty Co. v. Iowa National Mutual Co.* (1973), 54 Ill. 2d 333, 297 N.E.2d 163, and other cases cited by appellee are inappropriate. In that case a father had instructed his son not to permit nonfamily members to drive the family car. There the court held that once initial permission to use a vehicle is granted, limitations on that use are ineffective. Applying this rule here would beg the question, was Davis' permission to drive that morning effectively revoked before his afternoon trip which resulted in the accident.

On the other hand no rule of law on this motion for summary judgment requires the acceptance as true of the testimony by Davis and Klessen relating to revocation of permission to drive when it is contrary to the course of conduct between the parties. (*Murphy v. Urso* (1980), 83 Ill.

App. 3d 779, 404 N.E.2d 287, *aff'd in part* (1981), 88 Ill. 2d 444, 430 N.E.2d 1079; *Goff v. New Amsterdam Casualty Co.* (1943), 318 Ill. App. 586, 48 N.E.2d 584.) When Davis drove Klessen home he clearly had her permission to drive. The question is, did he have permission later that afternoon. In *Konrad v. Hartford Accident & Indemnity Co.* (1956), 11 Ill. App. 2d 503, 524, 137 N.E.2d 855, the court said:

> "There may well be circumstances under which, upon a return by the user or putting of the vehicle away and a surrender of possession, particularly to the employer or someone else, after the accomplishment of the certain particular purpose for which the user employee originally had it and the end of the original bailment, the user's responsibility, possession, and permission could be considered as effectively terminated, and, if so, then a later distinct retaking or reacquiring of possession again by the user, particularly from the employer or someone else, and an additional, distinct, separate use thereafter, without a renewed permission of the named insured, may well be said to be without permission."

Determining whether such circumstances are found here involves questions of fact. Appellee asserts that there is ample evidence in the case to support the summary judgment. However, that is not the test to be applied. A motion for summary judgment will be granted only if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Murphy v. Urso* (1981), 88 Ill. 2d 444, 464; Ill. Rev. Stat. 1979, ch. 110, par. 57(3).

Here there was a genuine issue of fact as to permission. The summary judgment for the defendants must be reversed, and the cause is remanded.

Reversed and remanded.

McGILLICUDDY and RIZZI, JJ., concur.