JESSIE WILLIAMS, Plaintiff-Appellee, v. CALUMET INSURANCE COM-
PANY, Defendant-Appellant.

First District (5th Division)   No. 83—2610

Opinion filed May 8, 1987.

Jesmer & Harris, of Chicago (Jay L. Hammerman and Charles E. Tan-
nen, of counsel), for appellant.

Kenneth J. Fleischer, of Larry L. Fleischer & Associates, Ltd., of Chi-
cago (Allen L. Ray, of counsel), for appellee.

JUSTICE PINCHAM delivered the opinion of the court:

Plaintiff, Jessie Williams (Williams), a cab driver, leased a cab
from the Yellow Cab Company on Friday, December 12, 1980. The cab
was to be returned to the Yellow Cab Company on Monday, December
15, 1980. Williams did not return the cab on Monday, December 15,
1980, and on Tuesday, December 16, 1980, while driving the leased
cab, Williams had an accident in Chicago with another motorist.

Defendant, Calumet Insurance Company, is the insurer of the Yel-
low Cab Company. Williams filed a complaint for declaratory judg-
ment against defendant in the circuit court of Cook County to deter-
mine whether he was covered by defendant's insurance policy. When
defendant's motion to dismiss was denied, plaintiff filed a motion for
summary judgment and an affidavit as follows:

"JESSIE L. WILLIAMS, being duly sworn on oath, deposes
and states as follows:

1. That I am the Plaintiff in the above titled cause.

2. That on December 12, 1980, I leased a cab from YELLOW CAB COMPANY which was to be returned to YELLOW CAB COMPANY on December 15, 1980.

3. That on December 16, 1980, while driving the cab, I was injured from an accident with an uninsured driver.

4. That I did not return the cab to YELLOW CAB COMPANY from the time I had leased it on December 12, 1980 until the time of that accident.

5. That if I were called to testify, I would completely testify to the above.

JESSIE WILLIAMS,
Plaintiff"

Williams' motion for summary judgment was granted. Defendant appeals.

Defendant contends that Williams' motion for summary judgment should not have been granted because a genuine issue of material fact existed under the terms of defendant's insurance policy with the Yellow Cab Company, *i.e.*, whether Williams was operating the cab with the permission of the cab company on December 16, 1980. We agree. A motion for summary judgment should be granted if the pleadings, depositions, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law. (Ill. Rev. Stat. 1985, ch. 110, par. 2—1005(c); *Futurevision, Inc. v. Dahl* (1985), 139 Ill. App. 3d 61, 65, 487 N.E.2d 127.) The evidence must be strictly construed against the moving party and the reasonable inferences therefrom construed in favor of the party who opposes summary judgment. (*Eakins v. New England Mutual Life Insurance Co.* (1984), 130 Ill. App. 3d 65, 68, 473 N.E.2d 439.) If the court is presented with disputed facts or conflicting inferences, entry of summary judgment is inappropriate. *Johnson v. Figgie International, Inc.* (1985), 132 Ill. App. 3d 922, 928, 477 N.E.2d 795.

In the case before us, when the evidence is viewed in a light most favorable to defendant, the nonmovant of the motion to dismiss, a genuine issue of material fact existed. The evidence before the trial court included a copy of several pages of defendant's automobile liability policy with the Yellow Cab Company which stated that defendant agreed to the following:

"Coverage A. **Bodily** **Injury** **Liability**. To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury \*\*\* sustained by any person, caused by accident and arising out of the owner-

ship, maintenance or use of the automobile.

Coverage B. **Property Damage Liability**. To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use thereof, caused by accident and arising out of the ownership, maintenance or use of the automobile.

Coverage C. **Automobile Medical Payments**. To pay all reasonable expenses incurred within one year from the date of [the] accident for necessary medical, surgical and dental services ***.

Division 1. To or for each person who sustains bodily injury, sickness or disease, caused by accident, while in or upon or while entering into or alighting from the automobile, provided the automobile is being used by the named insured *** *or with the permission of [the insured]."* (Emphasis added.)

We believe there is a material question of fact as to whether plaintiff was a permissive user of the cab on the day the accident occurred, December 16, 1980, which was after plaintiff agreed with the Yellow Cab Company that the cab would be returned. The initial permission rule in *Maryland Casualty Co. v. Iowa National Mutual Insurance Co.* (1973), 54 Ill. 2d 333, 297 N.E.2d 163, cited by plaintiff in his motion for summary judgment and in his brief before this court, is inappropriate. In *Maryland,* a father had instructed his son not to permit nonfamily members to drive the family car. The supreme court held that once initial permission to use a vehicle is granted, limitations on that use are ineffective. Citing *Konrad v. Hartford Accident & Indemnity Co.* (1956), 11 Ill. App. 2d 503, 514-5, 137 N.E.2d 855, the court in *Maryland* stated:

"[I]f the original taking by the user is with the named insured's consent, every act of the user subsequent thereto while he is driving the vehicle is with the named insured's permission so far as the omnibus clause is concerned, *assuming there is no termination of permission*; a deviation from the permission is immaterial; the only essential thing is that permission be given in the first instance ***." (Emphasis added.) *Maryland Casualty Co. v. Iowa National Mutual Insurance Co.* (1973), 54 Ill. 2d 333, 342, 297 N.E.2d 163.

Applying the foregoing to the case before us, the question immediately arises as to whether plaintiff was a permissive user of the cab and whether the cab company had terminated and revoked its permission to plaintiff to drive the cab when plaintiff failed to return the cab

on December 15, 1980. This is a genuine issue of material fact as to permission. (*Klessen v. Comet Insurance Co.* (1982), 104 Ill. App. 3d 253, 256, 432 N.E.2d 918.) The summary judgment for plaintiff therefore must be reversed and the cause remanded.

Reversed and remanded.

SULLIVAN, P.J., and LORENZ, J., concur.