MATTHEW CULLEN, Plaintiff-Appellant, v. NORTH AMERICAN COM-PANY FOR LIFE AND HEALTH INSURANCE, Defendant-Appellee.

Second District   No. 2—88—0091

Opinion filed November 22, 1988.

Newton E. Finn, of Waukegan, for appellant.

David R. Quade, of Diver, Bollman, Grach & Quade, of Waukegan, and Judith A. Powell, of Kilpatrick & Cody, of Atlanta, Georgia, for appellee.

JUSTICE NASH delivered the opinion of the court:

Plaintiff, Matthew Cullen, brought this action against defendant, North American Company for Life and Health Insurance (North American), to recover life insurance proceeds allegedly due upon the death of his wife, Jacqueline Cullen. Plaintiff appeals from a summary judgment entered for defendant, contending that disputed questions

of fact remain unresolved. We reverse and remand.

Plaintiff's wife purchased a life insurance policy from North American in the face amount of $100,000 in December 1982 and quarterly premiums for the policy were due on September 9, December 9, March 9, and June 9 of each year. Jacqueline Cullen died in April 1986; however, the defendant refused to pay the insurance proceeds to Matthew Cullen, her beneficiary. North American asserted that the policy had lapsed before the death of the insured because a premium due on September 9, 1985, in the amount of $39.15, had not been timely paid. On December 9, 1985, Jacqueline had sent North American a check in the amount of $78.30, but, according to defendant, a refund check in the same amount was issued to Mrs. Cullen on December 20, 1985, because the policy had lapsed and had not been reinstated.

North American filed a motion for summary judgment, supported by affidavits of certain of its employees, and exhibits, by which it sought to establish that, in the ordinary course of its business, defendant's computer system automatically generated premium-due notices in a timely fashion and prepared a record of the notices generated. According to its computer records, a notice was generated for defendant's insured, Jacqueline Cullen, on August 19, 1985, and the affidavits state that, in the normal course of business, the premium notice to her, and all other insureds, would be placed in window envelopes, affixed with proper postage, and mailed on a daily basis. Some steps are taken by defendant to assure that all notices prepared by the computer are actually mailed. While defendant's records show that Jacqueline's notice was addressed to her at "Slosser Street," it is undisputed that she actually lived on "Slusser Street." However, the March 1985 premium had been paid despite the fact that the premium-due notice had been mailed to "Slosser Street." An affidavit filed by Matthew in opposition to defendant's motion was stricken as conclusional, and North American's summary judgment motion was granted.

Matthew contends defendant's evidence does not show compliance with the statutory notice requirements necessary for the forfeiture or lapse of a life insurance policy. North American responds that plaintiff failed to successfully file any affidavits in opposition to the motion for summary judgment and asserts that its unrefuted evidence shows that there is no remaining fact issue.

■ A motion for summary judgment should be granted where the pleadings, depositions, and admissions, together with affidavits supporting the motion, show that there is no genuine issue as to a material fact and the movant is entitled to judgment as a matter of law.

*(Williams v. Calumet Insurance Co.* (1987), 155 Ill. App. 3d 621, 622, 508 N.E.2d 424; Ill. Rev. Stat. 1985, ch. 110, par. 2—1005(c).) The right of the moving party must be clear and free from doubt, and, in determining if there is a material fact issue, the trial court must construe the documents before it strictly against the moving party. *(Miklos v. Caliendo* (1987), 161 Ill. App. 3d 132, 137, 514 N.E.2d 35.) If fair-minded persons could draw more than one inference or conclusion from the evidence, the issues should be submitted to a jury for resolution. *Milwaukee Cheese Co. v. Cornerstone Inn* (1986), 142 Ill. App. 3d 840, 842, 492 N.E.2d 231.

■ North American refused to pay the insurance proceeds to the beneficiary of its insured on the ground that the policy had effectively lapsed for nonpayment of premium before the insured died. An insurer claiming that an insurance policy has been cancelled has the burden of proof on the issue. *(Ledbetter v. Allandslee* (1987), 153 Ill. App. 3d 163, 169, 505 N.E.2d 1051.) Declaration of lapse of a life insurance policy is controlled by section 234 of the Illinois Insurance Code (Code), which states in pertinent part:

"No life company doing business in this State shall declare any policy forfeited or lapsed within six months after default in payment of any premium installment or interest or any portion thereof, nor shall any such policy be forfeited or lapsed by reason of nonpayment when due of any premium, installment or interest, or any portion thereof, required by the terms of the policy to be paid, within six months from the default in payment of such premium, installment or interest, unless a written or printed notice stating the amount of such premium, installment, interest or portion thereof due on such policy, the place where it shall be paid and the person to whom the same is payable, shall have been duly addressed and mailed with the required postage affixed, to the person whose life is insured, or the assignee of the policy, (if notice of the assignment has been given to the company) at his last known post office address, at least fifteen days and not more than forty-five days prior to the day when the same is due and payable, before the beginning of the period of grace ***. Such notice shall also state that unless such premium or other sums due shall be paid to the company or its agents the policy and all payments thereon will become forfeited and void, except as to the right to a surrender value or paid-up policy as provided for by the policy. The affidavit of any officer, clerk or agent of the company or of any one authorized to mail such notice that the notice required by this section

bearing the required postage has been duly addressed and mailed shall be presumptive evidence that such notice has been duly given." Ill. Rev. Stat. 1985, ch. 73, par. 846.

The parties agree that North American's declaration that Jacqueline Cullen's policy had lapsed could be effective only if the insurance company complied with the notice requirement set forth above. North American also acknowledges that between December 13 and December 16, 1985, it received from the insured a check dated December 9, 1985, in the amount of $78.30, which was designated as a payment on her life insurance policy. Thus, in the absence of the requisite notice, the policy could not have lapsed since payment was made within the six-month statutory grace period. The substantive issue to be determined in this case, thus, is whether the prelapse notice was properly sent to the insured. Under the statute, North American had the burden of proving that a written or printed notice had been prepared for the insured, that any such notice stated the amount of premium due and where and to whom it was to be paid, that the notice had been duly addressed and properly mailed to Jacqueline Cullen, and that the notice warned her of the consequences of failure to pay the premium. Each of these items presented a question of fact which had to be resolved before summary judgment could be properly granted.

■ While North American presented exhibits and affidavits in support of each fact issue, we conclude that the evidence offered did not sufficiently resolve those issues to permit summary judgment. Defendant was not able to produce a copy of the notice allegedly sent to its insured and that a notice was even generated was verified only by the company's computer records. Defendant offered only a blank sample notice, and a copy of the return portion of a notice previously sent back to it with a payment by Jacqueline, to show that the computer-generated notice prepared on August 19, 1985, included the information called for by the statute. The evidence offered to show that the notice was mailed and had the necessary postage affixed was based solely on what was asserted to be defendant's usual business custom and routine. In sum, none of the company's employees could swear from direct knowledge that a proper notice had actually been prepared or mailed to Jacqueline Cullen. Finally, the insurance company's own records reflected that the insured's street name was spelled incorrectly, a circumstance which could have resulted in the misdirection of any notice which may have been sent.

In our view North American's evidence, even in the absence of any contrary evidence from plaintiff, does not resolve the fact ques-

tion of whether or not the insurance company prepared and sent the premium-due notice which is required by the statute before defendant can avoid payment of the proceeds of the policy. On the contrary, it is evident that fair-minded persons could draw more than one inference from the pleadings, admissions, affidavits, and exhibits that were presented to the trial court and, accordingly, the issues should have been submitted to a trier of fact for resolution. *Milwaukee Cheese Co.*, 142 Ill. App. 3d at 842.

The cases relied on by North American are not helpful to it. Defendant cites *Tabor & Co. v. Gorenz* (1976), 43 Ill. App. 3d 124, 356 N.E.2d 1150, for the proposition that proof of office custom plus corroborating evidence that the custom was followed in a given instance constitute proof of mailing. *Tabor*, however, involved a review of a jury verdict, not a grant of summary judgment, and the fact issues had been presented to a trier of disputed fact. In *Commonwealth Edison Co. v. Property Tax Appeal Board* (1980), 86 Ill. App. 3d 414, 407 N.E.2d 1088, this court followed the rule set forth in *Tabor* to uphold the trial court's dismissal of a complaint for administrative review. However, like the jury in *Tabor*, the trial court also heard extensive evidence from which it determined that the disputed mailing had occurred on a date certain, and we found that decision was not contrary to the manifest weight of the evidence. Both *Tabor* and *Commonwealth Edison* thus implicitly stand for the principle that questions regarding mailing of notice present issues of fact, and neither case supports North American's assertion that the questions raised by the circumstances of this case were properly resolved by the summary judgment.

Accordingly, the summary judgment is reversed and the cause remanded for further proceedings.

Reversed and remanded.

REINHARD and WOODWARD, JJ., concur.