RONALD G. CARNELL, Petitioner-Appellant, v. MADISON COUNTY OFFICERS ELECTORAL BOARD *et al.*, Respondents-Appellees.

Fifth District   No. 5—98—0474

Opinion filed October 16, 1998.

William C. Evers III, of Collinsville, for appellant.

Michael J. Kasper and Robert A. Uhe, both of Chicago, for appellee Mac G. Warfield.

John McGuire, Assistant State's Attorney, of Edwardsville, for other appellees.

JUSTICE HOPKINS delivered the opinion of the court:

The petitioner, Ronald G. Carnell, appeals from a final order of the Madison County circuit court denying Carnell's petition for judicial review of a decision of respondent Madison County Officers Electoral Board (Electoral Board). On appeal, Carnell argues that the hearing conducted by the Electoral Board was fatally flawed because the Electoral Board failed to follow the statutory requirement of adopting rules of procedure for the introduction of evidence and arguments. Carnell additionally argues that the Electoral Board's decision was against the manifest weight of the evidence and, as a result, the trial court erred by not overturning that decision. We affirm.

## FACTS

Prior to the March 17, 1998, primary election, no candidate sought the Republican party's nomination for the office of state representative for the 111th Representative District of the Illinois General Assembly. Consequently, a vacancy in nomination existed. On May 18, 1998, Carnell filed nomination papers with the State Board of Elections in his attempt to fill the vacancy in nomination.

The nomination papers included a "Resolution to Fill a Vacancy in Nomination" (the Resolution), on which the Madison County Central Committee of the Republican Party (the County Central Committee) was listed as the nominating entity. Respondent Mac G. Warfield (the objector) filed a petition alleging that the resolution to fill the vacancy was invalid because the County Central Committee had no authority to fill a vacancy for the office of state representative and because the nomination was not made as required by the Election Code (10 ILCS 5/1—1 et seq. (West 1996)).

On June 3, 1998, the Electoral Board conducted a hearing on the objector's petition. Carnell did not appear at the hearing, but James Mihalich, the chairman of the County Central Committee, appeared on Carnell's behalf. Mihalich is not an attorney. The objector was also present and was represented by an attorney, Michael Kasper. At this hearing, the Electoral Board admitted Carnell's nomination papers into evidence without objection from Mihalich.

Kasper argued that the resolution to fill the vacancy was legally insufficient because no duly constituted representative committee nominated Carnell to fill the vacancy in the office of state representative and that this legal insufficiency was dispositive. Kasper argued that if the Board did not consider the nomination papers to be dispositive, he would request the right to subpoena witnesses in support of

the objector's petition. Mihalich admitted that Carnell was nominated by Mihalich and two other members of the County Central Committee and that Mihalich chose the other two members without submitting the choice of these members to a vote of the County Central Committee. Mihalich acknowledged that he did not follow the requirements of the Election Code when he formed the committee that nominated Carnell, but he urged the Electoral Board to give him some "latitude," since he had good intentions and believed he followed his party's preference by nominating Carnell.

The Electoral Board upheld the objector's petition in a written order, dated June 8, 1998. In its order, the Electoral Board found that the Election Code requires that the nomination for the state representative from the 111th District be made by a representative committee, comprised of the chairman of the County Central Committee and two other members of that committee who are elected by all of the members of the County Central Committee. See 10 ILCS 5/8—5 (West 1996). The Electoral Board found that Carnell's nomination was made by a "political body other than the Representative Committee for the 111th District."

Finally, the Electoral Board found that the Election Code provides that no person's name shall be placed on an official ballot for the general election unless that person was nominated in compliance with article 8 of the Election Code, and since Carnell was not nominated in compliance with the Election Code, his name "should not be placed upon the official ballot to be voted at the November 3, 1998, general election."

On June 12, 1998, Carnell filed a petition seeking judicial review of the Electoral Board's decision. On July 8, 1998, the trial court conducted a hearing on Carnell's petition for judicial review. Carnell was present and represented by an attorney. The report of the proceedings before the Electoral Board was admitted into evidence without objection. After hearing the arguments of counsel for all parties, the trial court entered an order affirming the Electoral Board's decision. This appeal followed.

## DISCUSSION

■ Carnell first argues that the Electoral Board failed to adopt rules of procedure prior to the June 3, 1998, hearing and failed to place any witnesses under oath, making the information submitted in support of the objection invalid, and that neither the Electoral Board nor the circuit court was justified in relying upon that information. Carnell cites section 10—10 of the Election Code, which provides in pertinent part as follows:

"The electoral board shall have the power to administer oaths and to subpoena witnesses and at the request of either party the chairman may issue subpoenas requiring the attendance of witnesses and subpoenas duces tecum \*\*\*.

\*\*\*

The electoral board on the first day of its meeting shall adopt rules of procedure for the introduction of evidence and the presentation of arguments \*\*\*." 10 ILCS 5/10—10 (West 1996).

Carnell argues that, without any rules of procedure, the Electoral Board was without authority to consider the objector's petition and that the petition should have been denied since the objector could not sustain his burden of proof without the support of competent evidence submitted pursuant to section 10—10 rules of procedure.

■ Carnell's argument on this issue fails for two reasons. First, he does not cite to any provision in the Election Code, nor have we found any, that precludes an electoral board from adopting whatever rules it chooses. Section 10—10, to which Carnell cites, does not require the rules of procedure to be written or published. It appears from the record that the Electoral Board considered the arguments of the attorney representing the objector, reviewed the nomination papers, and decided the case based upon that information and the applicable provisions of the Election Code. There is nothing in the Election Code prohibiting such a procedure. Although we might prefer that this and other electoral boards in the future adopt clear rules of procedure and definitively identify those rules to the parties, we find no statutory disability in the failure to do so in the case *sub judice*.

Second, Carnell chose not to be present at the hearing and chose to send Mihalich, the chairman of the County Central Committee, to represent him. The record is clear that Mihalich argued Carnell's and his own position as chairman of the County Central Committee to the Electoral Board and that the Electoral Board did not preclude Mihalich from presenting any evidence or arguments. Mihalich did not ask the Electoral Board to adopt any particular procedural rules, did not inquire before or during the hearing as to the nature of any procedural rules, did not ask to be placed under oath before he made statements to the Electoral Board, and did not ask to subpoena any witnesses or documents, but, rather, he completely acquiesced to the manner in which the hearing was conducted.

Carnell acquiesced to the informal nature of the hearing by his failure to personally appear and by the failure of his representative to object. Since the Election Code does not require any particular procedure, Carnell's argument on this issue fails. See *Moscardini v. County Officers Electoral Board of Du Page County*, 224 Ill. App. 3d 1059,

1063 (1992) (evidence admitted without objection in administrative proceedings may be considered by the administrative body in support of its decision); *Odell v. Village of Hoffman Estates*, 110 Ill. App. 3d 974, 977 (1982) (same).

■ Carnell next argues that his nomination papers were in substantial compliance with the overall intent and spirit of the Election Code and that, consequently, his nomination is valid. Carnell cites numerous cases in support of this argument, all of which stand for the rule that where a provision of the Election Code is merely directory, the failure to comply with that provision will not necessarily invalidate the candidacy or the ballot upon which the candidate is listed.

■ The Illinois Supreme Court has addressed this rule as follows: "The Election Code is a comprehensive scheme which regulates the manner in which elections shall be carried out. Strict compliance with all applicable provisions in the Election Code is not necessary, however, to sustain a particular ballot. Rather, our courts draw a distinction between violations of 'mandatory' provisions and violations of 'directory' provisions. Failure to comply with a mandatory provision renders the affected ballots void, whereas technical violations of directory provisions do not affect the validity of the affected ballots. [Citation.]

There is no universal formula for distinguishing between mandatory and directory provisions. Rather, whether a particular statutory provision is mandatory or directory depends upon the intent of the legislature, which is ascertained by examining the nature and object of the statute and the consequences which would result from any given construction. [Citation.] Of course, the language of the statute is often the most reliable evidence of the legislature's intent. Thus, where a statute, in prescribing the duties of the election officials, expressly states that failure to act in the manner set out in the statute will void the ballot, that statute will generally be given a mandatory construction. However, if the statute simply prescribes the performance of certain acts in a specific manner, and does not expressly state that compliance is essential to the validity of the ballot, then the statute generally will be given a directory construction. [Citations.] *** We do not mean to suggest, of course, that election officials may simply ignore directory provisions of the Election Code. All of the provisions of the Election Code are mandatory in the sense that election officials are obligated to comply with their terms. It does not follow, however, that every failure to comply should invalidate the ballot in question. Literal compliance with directory provisions will not be required if it appears that the spirit of the law has not been violated and the result of the election has been fairly ascertained." *Pullen v. Mulligan*, 138 Ill. 2d 21, 46-47 (1990).

Carnell argues that the Election Code provision governing the selection of a representative committee for filling vacancies, section 8—5 (10 ILCS 5/8—5 (West 1996)), is directory, not mandatory, because nothing within that particular section specifies any sanction for the failure to comply with its requirements. According to Carnell, therefore, the committee that nominated him was close enough to a representative committee as prescribed by section 8—5 that the failure to strictly comply with its provisions should not invalidate his candidacy.

■ The Electoral Board and the other respondents contend that section 8—1 of the Election Code (10 ILCS 5/8—1 (West 1996)) makes mandatory the provision regarding the manner in which a representative committee is selected. Section 8—1 provides in relevant part as follows:

"The nomination of all candidates for members of the General Assembly by all political parties *** *shall be made in the manner provided in this article 8 and not otherwise.*

*The name of no person *** shall be placed upon the official ballot to be voted at the general election as a candidate unless such person shall have been nominated for such office under the provisions of this article 8.*" (Emphasis added.) 10 ILCS 5/8—1 (West 1996).

■ The Election Code must be read in its entirety, and one provision cannot be read in a manner that renders another section meaningless or superfluous. *Maske v. Kane County Officers Electoral Board*, 234 Ill. App. 3d 508, 512 (1992). Section 8—5 provides that a representative committee "shall consist of the chairman of the county central committee and 2 members of the county central committee *** elected by the county central committee." 10 ILCS 5/8—5 (West 1996). Carnell admits that the two members of his nominating committee, who should have been elected pursuant to section 8—5, were not elected by the County Central Committee at large but, rather, were appointed by the chairman of the County Central Committee.

■ Section 8—17 provides:

"[I]f there was no candidate for the nomination of the party in the primary, no candidate of that party for that office may be listed on the ballot at the general election, unless the legislative or representative committee of the party nominates a candidate to fill the vacancy in nomination within 60 days after the date of the general primary election." 10 ILCS 5/8—17 (West 1996).

■ The Board found that "the selection of Respondent-Candidate, Ronald G. Carnell, for the Republican Nomination for State Representative *** was made by a political body other than the Representative Committee for the 111th District duly formed pursuant to statutory

426

requirements" and that, pursuant to section 8—1, Carnell's name should not be placed on the official ballot to be voted at the November 1998 general election. For all of the reasons stated, the decision and findings of the Electoral Board are supported by the law and by the manifest weight of the evidence, and the circuit court did not err by affirming that decision.

Affirmed.

MAAG and KUEHN, JJ., concur.